UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:14CV-00022-JHM**

**BEAU BROOKS and TINA BROOKS**                                                     **PLAINTIFFS**

**V.**

**CATERPILLAR GLOBAL MINING AMERICA, LLC**                        **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion in limine by Defendant, Caterpillar Global Mining America, LLC, to preclude at trial evidence of post-accident modification of the roof bolter at issue in this litigation pursuant to Fed. R. Evid. 407 [DN 46].

**BACKGROUND**

Plaintiff, Beau Brooks, a Western Kentucky coal miner, sustained injuries to his left hand when his hand was crushed between a rib of coal and a Caterpillar RB220 Roof Bolter. Plaintiffs allege that the injury occurred because Brooks was holding onto the operator handle of the roof bolter, which was located so close to the edge of the protective roof of the machine, that it extended his hand beyond the roof and outside the protective operator compartment. Plaintiffs contend that the crush injuries would not have occurred if Caterpillar's operator handle had not been located so close to the edge of the roof bolter's operator compartment that Brooks left hand was left unprotected. Plaintiffs maintain that the location of the handle rendered the roof bolter defective. Brooks and his wife sued Caterpillar. Plaintiffs' experts opine that the handle should have been located farther inside the cab, and such a placement of the handle would have prevented the accident.

At the time of his injury, Brooks was employed at Armstrong Coal Company's Lewis

Creek underground coal mine in Ohio County, Kentucky. Armstrong Coal is not a party to the lawsuit. The evidence reflects that following the accident, Armstrong Coal removed the operator handles on all four of its RB220 Caterpillar Roof Bolters. According to Plaintiffs, the new handle was moved farther from the edge of the canopy so that the operator's hand would remain within the protected operator compartment when the operator held onto the handle. Additionally, Armstrong Coal made the handle from chains so that it would have some flexibility.

## DISCUSSION

Caterpillar moves the Court to preclude any evidence of the modifications of the roof bolters by Armstrong Coal from being introduced at trial pursuant to Fed. R. Evid. 407 and In re Air Crash Disaster, 86 F.3d 498 (6th Cir. 1996). Plaintiffs object to this motion arguing that neither the Federal Rules of Evidence nor pertinent case authority require exclusion of the changes made to the subject roof bolter by Armstrong Coal, a non-party in this case.

Federal Rules of Evidence 407 provides:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
> • negligence;
> • culpable conduct;
> • a defect in a product or its design; or
> • a need for a warning or instruction.
> But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

Fed. R. Evid. 407. The district court in Bowling v. Scott County, Tenn. stated that "[w]hile the Sixth Circuit has not specifically addressed the issue, every other Courts of Appeals that has considered the issue has held that Rule 407 does not require the exclusion of subsequent remedial measures taken by a non-defendant." Bowling v. Scott County, Tenn., 2006 WL

2

2336333, *5 (E.D. Tenn. Aug. 10, 2006)(citing Diehl v. Blaw-Knox, 360 F.3d 426, 430 (3d Cir. 2004); Mehojah v. Drummond, 56 F.3d 1213, 1215 (10th Cir.1995); TLT-Babcock, Inc. v. Emerson Elec. Co., 33 F.3d 397, 400 (4th Cir. 1994); Raymond v. Raymond Corp., 938 F.2d 1518, 1524 (1st Cir. 1991); Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 888 (9th Cir. 1991); O'Dell v. Hercules, Inc., 904 F.2d 1194, 1204 (8th Cir. 1990); Dixon v. International Harvester Co., 754 F.2d 573, 583 (5th Cir. 1985); Lolie v. Ohio Brass Co., 502 F.2d 741, 744 (7th Cir. 1974)). See also Millennium Partners, L.P. v. Colmar Storage, LLC, 494 F.3d 1293, 1302-03 (11th Cir. 2007). In fact, the Western District of Kentucky in Kelter v. Conken Systems, Inc. recently noted that every Court of Appeals that has considered the issue has held that the admission of remedial measures by a non-party is not prohibited by Rule 407. Kelter v. Conken Systems, Inc., 2014 WL 7335171, *2 (W.D. Ky. Dec. 19, 2014)(Russell, J).

Rule 407 rests on the strong public policy of encouraging manufacturers to make improvements for greater safety. "This policy is not implicated where the evidence concerns remedial measures taken by an individual or entity that is not a party to the lawsuit. The admission of remedial measures by a non-party necessarily will not expose that non-party to liability, and therefore will not discourage the non-party from taking the remedial measures in the first place." Rivera v. Lehigh County, 2015 WL 7756193, *8 (E.D. Pa. Dec. 2, 2015)("It is noteworthy that each of the circuits to address this issue has concluded that Rule 407 does not apply to subsequent remedial measures taken by a non-party."). "'The logic for this exception to Rule 407 is that a nondefendant will not be inhibited from taking remedial measures if those measures are used against a defendant.'" Bowling, 2006 WL 2336333, at *5 (quoting 2 Joseph M. McLaughlin, Jack B. Weinstein, & Margaret A. Berger, Weinstein's Federal Evidence § 407.05[2] (2d ed. 2006)); Diehl, 360 F.3d at 430 ("The admission of remedial measures by a

non-party necessarily will not expose that non-party to liability, and therefore will not discourage the non-party from taking the remedial measures in the first place.").

Based upon this persuasive authority, the Court concludes that Rule 407 is not applicable in this case to exclude the evidence of subsequent remedial measures taken by this non-party. And because Defendant has not suggested any other basis for excluding this evidence, Defendant's request is denied.[1]

Defendant relies on In re Air Crash Disaster in support of its argument that the Sixth Circuit is the only circuit in the United States that holds that Fed. R. Evid. 407 applies to subsequent remedial measures taken by a non-party. In In re Air Crash Disaster, plaintiffs sued Northwest Airlines and the airplane manufacturer, McDonnell Douglas, in connection with a fatal plane crash. The Airline and the manufacturer filed claims against each other for contribution and indemnity with respect to settlements with certain victims. After the accident, Northwest rewired the Central Aural Warning System ("CAWS") on its fleet of MD-80 aircraft. Northwest then sought to introduce the fact of this rewiring as circumstantial evidence against McDonnell Douglas that the system had been unsafe. The district court excluded the evidence related to Northwest's post-accident rewiring of the CAWS system. 86 F.3d at 528.

While finding that the rewiring of the system by Northwest was relevant under Fed. R. Evid. 401, the Sixth Circuit held that "[t]here is nothing in the text of Rule 407 that limits its application to measures by a 'responsible/party—i.e., measures by a party against whom the evidence is offered. . . . By its terms, the Rule seems to exclude evidence of remedial measures regardless of who undertook them." In re Air Crash Disaster, 86 F.3d at 529. The Sixth Circuit

---

[1] Rule 407 is not the end of the inquiry, however: "even if Rule 407 does not apply, the evidence of subsequent remedial measures taken by a non-party must still satisfy the general requirements of relevancy under Rules 401, 402, and 403." Bowling, 2006 WL 2336333, *5. While the parties have addressed the legitimate reasons outlined in Rule 407 for admittance of subsequent remedial measures, the parties have not addressed the general relevancy pursuant to Fed. R. Evid. 401, 402, and 403.

distinguished the cases in which courts had declined to exclude evidence of subsequent remedial measures finding that "[i]n each of these cases, however, the remedial measure was taken, not by a plaintiff, but by someone who was not a party to the suit." Id. The Sixth Circuit noted that "[t]here is no direct support for Northwest's argument that it should have been able to introduce evidence of its own voluntary remedial measures to prove the culpability of an adversary." Id. The Sixth Circuit ultimately held that "[t]here is nothing that makes evidence of a subsequent remedial measure by a plaintiff (or someone in the position of a plaintiff, like Northwest) better proof of culpable conduct than evidence of a remedial measure by a defendant. Indeed, measures taken by a plaintiff—especially one contemplating litigation—strike us as more dubious because of the possibility that the plaintiff is only 'repairing' an item in order to create helpful evidence. We believe that the district court's interpretation of Rule 407 was correct and that the rule can encompass situations like the one presented here." In re Air Crash Disaster, 86 F.3d at 529-30 (6th Cir. 1996). The Court finds that In re Air Crash Disaster is distinguishable from the present case because the subsequent remedial measures were made by a party to that case.

Furthermore, Defendant argues that Armstrong Coal was Plaintiff's employer and by virtue of its payment of Workers' Compensation benefits to Brooks, it is a settling tortfeasor against whom fault can be apportioned. Defendant argues that it could have made Armstrong Coal a third-party defendant, but it was unnecessary under the ruling in Owens Corning Fiberglas Corp. v. Parrish, 58 S.W.3d 467, 481 (Ky. 2001). The Kentucky Supreme Court in Parrish held that "if supported by the evidence, proper instructions may allow the jury to apportion fault against a settling *nonparty*, and a settlement, between an employer and employee, of a claim under the Workers' Compensation Act constitutes a settlement under KRS

411.182(4)." Id. at 481(emphasis added).  Even under Parrish, Armstrong Coal is considered a non-party; and thus, as noted by the court of appeals' opinions discussed above, exclusion of subsequent remedial measures taken by Armstrong Coal is not warranted.

## CONCLUSION

For the reasons set forth above, the motion in limine by Defendant, Caterpillar Global Mining America, LLC, to preclude at trial evidence of the post-accident modification of the roof bolter at issue in this litigation pursuant to Fed. R. Evid. 407 [DN 46] is **DENIED**.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

January 20, 2016