UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:14CV-00022-JHM**

**BEAU BROOKS and TINA BROOKS**                                             **PLAINTIFFS**

**V.**

**CATERPILLAR GLOBAL MINING AMERICA, LLC**                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion in limine by Defendant, Caterpillar Global Mining America, LLC, to preclude at trial evidence of post-accident modification of the roof bolter at issue in this litigation pursuant to Fed. R. Evid. 401, 402, and/or 403 [DN 69].

**BACKGROUND**

Plaintiff, Beau Brooks, a Western Kentucky coal miner, sustained injuries to his left hand when his hand was crushed between a rib of coal and a Caterpillar RB220 Roof Bolter. Plaintiffs allege that the injury occurred because Brooks was holding onto the operator handle of the roof bolter, which was located so close to the edge of the protective roof of the machine, that it extended his hand beyond the roof and outside the protective operator compartment. Plaintiffs contend that the crush injuries would not have occurred if Caterpillar's operator handle had not been located so close to the edge of the roof bolter's operator compartment that Brooks left hand was left unprotected. Plaintiffs maintain that the location of the handle rendered the roof bolter defective. Brooks and his wife sued Caterpillar. Plaintiffs' experts opine that the handle should have been located farther inside the cab, and such a placement of the handle would have prevented the accident.

At the time of his injury, Brooks was employed at Armstrong Coal Company's Lewis

Creek underground coal mine in Ohio County, Kentucky. Armstrong Coal is not a party to the lawsuit. The evidence reflects that following the accident, Armstrong Coal removed the operator handles on all four of its RB220 Caterpillar Roof Bolters. According to Plaintiffs, the new handle was moved farther from the edge of the canopy so that the operator's hand would remain within the protected operator compartment when the operator held onto the handle. Additionally, Armstrong Coal made the handle from chains so that it would have some flexibility.

Caterpillar previously moved the Court to preclude any evidence of the modifications of the roof bolters by Armstrong Coal from being introduced at trial pursuant to Fed. R. Evid. 407 and In re Air Crash Disaster, 86 F.3d 498 (6th Cir. 1996). The Court denied Caterpillar's motion finding that the admission of remedial measures by a non-party is not prohibited by Rule 407. [DN 61 (citing Kelter v. Conken Systems, Inc., 2014 WL 7335171, *2 (W.D. Ky. Dec. 19, 2014)). In denying the motion the Court noted that:

> Rule 407 is not the end of the inquiry, however: "even if Rule 407 does not apply, the evidence of subsequent remedial measures taken by a non-party must still satisfy the general requirements of relevancy under Rules 401, 402, and 403." [Bowling v. Scott Co., Tenn., 2006 WL 2336333, *5 (E.D. Tenn. Aug. 10, 2006)]. While the parties have addressed the legitimate reasons outlined in Rule 407 for admittance of subsequent remedial measures, the parties have not addressed the general relevancy pursuant to Fed. R. Evid. 401, 402, and 403.

(DN 61 at 4 n. 1.) Caterpillar now moves the Court to preclude at trial evidence of post-accident modifications made to the subject roof bolter pursuant to FRE 401, 402, and/or 403.

## DISCUSSION

Relevant evidence is defined in Fed. R. Evid. 401 as evidence having "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401.

Fed. R. Evid. 402 provides that "[i]rrelevant evidence is not admissible." "Relevancy is an extremely broad concept. Both the Supreme Court and the Sixth Circuit have noted that the standard set forth in Rule 401 is a liberal one." Hinkle v. Ford Motor Co., 2012 WL 4049477, *1-2 (E.D. Ky. Sept. 13, 2012)(citing Churchwell v. Bluegrass Marine, Inc., 444 F.3d 898, 905 (6th Cir. 2006)).

However, Fed. R. Evid. 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Evidence is not excluded merely because it is damaging or prejudicial to a defendant's case; rather, it must be unfairly prejudicial." Hinkle, 2012 WL 4049477, *2 (citing United States v. Bonds, 12 F.3d 540, 567 (6th Cir.1993)). "Evidence that is prejudicial only in the sense that it portrays the defendant in a negative light is not unfairly prejudicial for purposes of Rule 403." Hinkle, 2012 WL 4049477, *2 (citing United States v. Chambers, 441 F.3d 438, 456 (6th Cir. 2006)). "[T]o warrant exclusion, any danger of unfair prejudice posed by the evidence must *substantially outweigh* its probative value." Id. (citing Fed. R. Evid. 403). "Rule 403 is not concerned with 'the damage to the defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis.'" Hinkle, 2012 WL 4049477, *2 (quoting United States v. Mendez–Ortiz, 810 F.2d 76, 79 (6th Cir. 1986)).

Caterpillar seeks to exclude any evidence, testimony, or argument concerning post-accident modification of the roof bolter by non-party, Armstrong Coal. Caterpillar argues that Armstrong Coal's post-accident modifications to the roof bolter represent a design different from that which Plaintiffs' experts advocated in their reports. Armstrong Coal removed the operator

handles and placed a new handle made from chains on the roof bolting machines. Caterpillar argues that this entirely new "design," which is one that no expert proposed and which from an engineering standpoint is entirely untested and unproven, is not relevant and admissible for any purpose.

The Court disagrees. Armstrong Coal's modifications to the operator handle are relevant to demonstrate the feasibility of alternative designs. In order to prove a product is "unreasonably dangerous" as designed, a plaintiff is required to produce competent evidence "of a feasible alternative design" that would have prevented the injury. Cummins v. BIC USA, Inc., 835 F. Supp. 2d 322, 326 (W.D. Ky. 2011)(citing Toyota Motor Corp. v. Gregory, 136 S.W.3d 35, 42 (Ky. 2004)). See also Hopkins v. Ford Motor Co., 2011 WL 5525454, *3 (W.D. Ky. Nov. 14, 2011)(noting that federal district courts in Kentucky have extended the reasonable alternative requirement to all design defect products liability claims). "[T]he onus is on Plaintiffs to provide expert testimony setting forth 'competent evidence of some practicable, feasible, safer, alternative design.'" Estate of Bigham v. DaimlerChrysler Corp., 462 F. Supp. 2d 766, 773 (E.D. Ky. 2006). See also Franklin v. Enterprise Rent-A-Car Co. of Cincinnati and Kentucky, 2013 WL 820858, *2 (W.D. Ky. Mar. 5, 2013).

Plaintiffs' expert, Thomas Boutaugh, in his report noted that after of the injury, Armstrong Coal modified the hand hold on all four roof bolters. Boutaugh indicated that the maintenance department welded a chain on the canopy for the hand hold and "the handle was moved back from the edge of the canopy." (Boutaugh Report 1.) Boutaugh further opined that "[t]o protect the hand, the 'hand hold' should be located further inside the cab, possibly 4 inches inside, with a 3x3 angle or a 4x4 angle welded along the edge of the canopy to further protect the hand should the canopy slice into the coal rib." (Id.) Boutaugh attached a sketch of "a possible

4

example." Additionally, at his deposition, Boutaugh testified regarding Armstrong Coal's post-accident modifications indicating that the use of the flexible chain would allow the hand to move if it should strike something. Boutaugh opined that if Plaintiff had been using a similar design with a flexible chain, Plaintiff's hand "would have been able to move and never would have been pinched." (Boutaugh Dep. at 127.)

Similarly, Plaintiffs' expert Jack Spadaro also noted that following the incident Armstrong Coal modified the location of the hand hold on the RB220 Roof Bolter: "Armstrong Coal Company maintenance personnel welded handles onto roof bolters that were moved back from the edge of the canopies thereby providing protection for roof bolter operators." (Spadaro Report at 2.) Spadaro opined "[t]he unsafe conditions posed by the location of the 'hand hold' was a direct cause of the incident…." and also represented that "[t]he mine operator, Armstrong Mining Company, found it necessary to move the 'hand hold' on all of the Cat RB220 Roof Bolters in order to make the machine safer in regard to crushing incidents." (Id. at 4.) Plaintiffs will also offer proof from Armstrong Coal employees who operate the roof bolter with the modified operator handle that the modifications do not create any risk of head injury or interfere with their vision.

Despite Caterpillar's argument to the contrary, both Defendant's experts were questioned in their depositions about the movement of the handle inboard by three inches. Both experts testified that the movement of the handle inboard by three inches was not feasible and that this alteration could make the machine more dangerous. (DN 52-03, Bell Depo, p. 91-92 & DN 52-02, Wand Depo, p. 13-15). Specifically, the record reflects that Caterpillar's Product Compliance Manager James Bell testified that if the handle was moved three inches in, it would create a hazard to the operator by subjecting the operator to the risk of hitting his or her head on

the relocated handle. (Bell Dep. 91-92.) Further, Graham Wand, Caterpillar's licensed engineer, opines that moving the handle in would interfere with the vision by the operator. Because Caterpillar's experts have contested the feasibility of an alternative design of moving the hand hold inboard, the evidence of Armstrong Coal's post-accident modification supports Plaintiffs' argument that a simple alternative design existed at the time the roof bolter was designed and manufactured. Evidence of the modification made by Armstrong and the use of the new operator handle by Armstrong employees is directly relevant to controvert that testimony.

Furthermore, the Court finds that the feasible alternative design or the post-accident modification will not be misleading or confusing in the present case given that the movement of the handle inboard was available at the time of the manufacture. Diehl v. Blaw-Knox, 360 F.3d 426 (3d Cir. 2004). The probative value of this evidence is not substantially outweighed by any of the factors listed in Rule 403.

## CONCLUSION

For the reasons set forth above, the motion in limine by Defendant, Caterpillar Global Mining America, LLC, to preclude at trial evidence of post-accident modification of the roof bolter at issue in this litigation pursuant to Fed. R. Evid. 401, 402, and/or 403 [DN 69] is **DENIED**.

*[Signature]*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: counsel of record

July 6, 2016