UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:14-CV-00022-JHM

BEAU BROOKS and
TINA BROOKS                                                                    PLAINTIFFS

vs.

CATERPILLAR GLOBAL MINING
AMERICA, INC.                                                                  DEFENDANT

## MEMORANDUM, OPINION AND ORDER

### BACKGROUND

Defendant, Caterpillar Global Mining America, LLC ("CGMA"), has filed two related motions. Specifically, CGMA has filed a motion to permit discovery regarding Plaintiffs supplemental response to an interrogatory (DN 103), and a motion to strike Plaintiffs' third supplemental expert disclosures as untimely or, in the alternative, to continue the trial date and reset the discovery deadlines (DN 108). Plaintiffs, Beau and Tina Brooks (the "Brooks"), filed responses to both motions (DN 109, 123), and CGMA filed replies (DN 110, 125). The undersigned conducted a telephonic conference with counsel for the parties in order to obtain clarification on a number of issues raised in the motions (DN 113). This matter is ripe for determination.

### NATURE OF THE CASE

This is a product-liability case against CGMA arising out of an accident that happened on May 10, 2013 (DN 1 Complaint). Beau Brooks, a Western Kentucky coal miner, sustained a

crushing injury to his left hand while operating a Caterpillar RB220 Roof Bolter (Id.). A roof bolter is a large machine used in underground mining operations, and, as the name suggests, is used to drive large bolts through the roof of the mining cavern to prevent the roof from collapsing (Id.). The operator rides beneath a protective steel canopy, and, on this model, a handle was attached to the underside of the canopy close to the outer edge of the canopy (Id.). The Brooks allege that while operating the roof bolter, Beau Brooks grasped the handle with his left hand in order to keep himself inside the cab of the roof bolter (Id.). The Brooks assert the handle was located so close to the edge of the canopy that it extended Beau Brooks' left hand beyond the outer edge of the overhead canopy (Id.). The Brooks allege that as Beau Brooks backed the roof bolter around a coal pillar his left hand became trapped between the canopy handle and the coal pillar (Id.). The Brooks maintain that the location of the handle rendered the roof bolter defective (Id.). The complaint asserts claims of negligence, strict liability, and loss of consortium against CGMA (Id.).

Discovery in this case closed some time ago. On February 2, 2017, the Brooks supplemented their response to interrogatory No. 22 of CGMA's first set of interrogatories (DN 103-2). Specifically, the Brooks disclosed that Beau Brooks resigned from his position as a coal miner in November 2016, and he began working at an automobile body shop where he earns $16.50 per hour (Id.). On February 24, 2017, the Brooks supplemented their expert witness disclosures (DN 108-3). Specifically, the Brooks' provided supplemental reports, pursuant to Fed. R. Civ. P. 26(a)(2)(B), from their economist (Stan V. Smith, PhD) and rehabilitation expert (Leonard N. Matheson, PhD, CV E, CRC) to address Beau Brooks' recent changes in employment status (Id.). Additionally, the Brooks newly identified Kristy Fleming, a treating nurse practitioner, as a Fed. R. Civ. P. 26(a)(2)(C) testifying expert witness (Id.).

## ARGUMENTS OF THE PARTIES

Within days of the Brooks serving a supplemental response to interrogatory No. 22, CGMA filed its motion to permit discovery (DN 103). In its motion, CGMA expressed concern that Beau Brooks' changed employment circumstance might significantly impact his claim for impairment of earning capacity and, to that end, wished to undertake discovery to follow up on this development (DN 103). The discovery that CGMA anticipated would include a supplemental deposition of Beau Brooks; a supplemental records deposition and/or deposition testimony from his former employer, Armstrong Coal; a supplemental independent medical examination; a supplemental records deposition and/or depositions of his treating physicians; a deposition of and subpoena duces tecum to his new employer; a potential re-evaluation of him by CGMA's vocational rehabilitation expert; and an evaluation of the new information by CGMA's economic experts (Id.).

Within days of the Brooks serving supplemental expert witness disclosures, CGMA filed its motion to strike or, in the alternative, to continue the trial date and reset discovery deadlines (DN 108). In the second motion, CGMA argues that the revised expert opinions and newly-identified expert significantly increase the Brooks' damage claims and represent an unfair late-game change of opinion (DN 108-1). CGMA moves the Court to exclude the new opinions and witness (Id.). In the alternative, CGMA asks the Court to continue the May 22, 2017 trial date and to issue a new scheduling order that will permit it adequate time to conduct discovery related to the new opinions, conduct a deposition of Kristy Fleming, allow CGMA's economic and vocational experts an opportunity to review and respond to the revised opinions of the Brooks' experts, and conduct the discovery requested in DN 103 (Id.).

The Brooks indicated in their responses (DN 109, 123) and during the telephonic conference in which the parties discussed the motions, that they only oppose CGMA's motions in part (DN 113). As to the first motion (DN 103), the Brooks are agreeable to CGMA conducting a follow-up deposition of Beau Brooks that is limited to his change in employment; they do not object to CGMA obtaining from Armstrong Coal additional employment documents about his resignation; and they do not object to CGMA obtaining documents from his new employer, Wester's Body Shop (DN 109). The Brooks oppose deposition discovery of Wester's Body Shop, out of concern that it might negatively impact Beau Brooks' job security as a newly-hired employee (Id.). Additionally, the Brooks oppose any additional medical discovery other than to the extent it involves any change in Beau Brooks' condition, and they oppose his submission to another medical/vocational examination by defense retained experts (Id.).

As to the second motion (DN 108), the Brooks argue when their counsel learned of Beau Brooks' new employment he timely supplemented the response to interrogatory No. 22 (DN 123). Further, the Brooks assert there are no grounds to strike the supplemental opinions of Drs. Matheson and Smith because they timely submitted supplemental expert disclosures after counsel made them aware of Beau Brooks' recent change in employment (Id. citing Fed. R. Civ. P. 26(e)). The Brooks contend that counsel's expert disclosure of nurse practitioner Kristy Fleming is timely considering Beau Brooks transferred to her care after the closure of discovery and CGMA has known about the subject matter of her treatment since May 2016 (DN 123). Finally, the Brooks argue that CGMA has exaggerated the amount of discovery it will need to adequately prepare for trial in light of the supplemental response to the interrogatory, the supplemental opinions of Drs. Matheson and Smith, and the expert disclosure of Kristy

4

Fleming (Id.). The Brooks believe that a continuance of the trial date will not be necessary because CGMA can adequately prepare for trial without having to conduct extensive discovery (Id.).

In its replies, CGMA emphasizes the undue prejudice it will suffer if the Brooks are allowed to introduce at trial the untimely supplementations and expert testimony that demonstrate at least an additional $300,000.00 in damages as a result of a change in Beau Brooks' employment (DN 110, 125). Contrary to the Brooks assertion, CGMA contends these untimely disclosures indicate Beau Brooks' medical condition has changed and the Court should strike the disclosures and preclude the Brooks, at trial, from introducing evidence or referring to the fact of Beau Brooks employment change and/or its alleged impact on their claim against CGMA (Id.). Alternatively, CGMA asserts that good cause exists for the Court to continue the May 22, 2017 trial date and grant it leave to conduct discovery so that it may respond to the Brooks' new evidence with rebuttal evidence, including but not limited to additional expert testimony (Id.). Additionally, CGMA points out that the records from Wester's Body Shop will not provide information such as what Beau Brooks does and what if any accommodations are being made on the job (Id.). Further, CGMA questions the Brooks' general assertion that deposing Wester's Body Shop could have a potential negative effect on Beau Brooks' employment status (Id.). Finally, CGMA contends that the Brooks' argument about discovery already being closed should not be allowed to prevail here because the Brooks themselves altered the fabric of the case after the close of discovery (Id.).

## DISCUSSION

Rule 26(e) reads as follows:

> **(e) Supplementing Disclosures and Responses.**
>
> **(1) In General.** A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>
> **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> **(B)** as ordered by the court.
>
> **(2) Expert Witness.** For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

After considering the circumstances and the arguments of the parties, the Court concludes that the Brooks complied with Rule 23(e)(1)(A). They supplemented their response to interrogatory No. 22 (DN 103-2) in a timely manner. Additionally, the Brooks' disclosure of supplemental expert witness reports from Drs. Smith and Matheson, and identification of treating nurse practitioner, Kristy Fleming, as treating expert witness(DN 108-3) complies with Rule 23(e)(2). Therefore, the Court will deny CGMA's motion to strike.

The Court appreciates that the Brooks want to proceed to trial on May 22, 2017. However, the Brooks' last minute supplementations have substantially increased the amount of damages they are claiming. Clearly, CGMA will be unduly prejudiced if it proceeds to trial without having an adequate opportunity to conduct discovery related to the supplementations as

well as have its own experts prepare responses to the supplemental opinions issued by the Brooks' experts. Further, the Brooks have argued for limitations on what discovery CGMA should be allowed to take in order to prepare for trial. The Court rejects the proposed limitations as not reasonable in light of the circumstances. However, the Court believes there should be some limitations on the scope of the discovery that CGMA may take in order to prepare for trial.

The scope of discovery should be limited to the change in Beau Brooks' physical condition, the reason or reasons for his change of employment, and the impact of these changes on the Brooks' damage claims. Additionally, **CGMA will be allowed to conduct**: (1) a supplemental deposition of Beau Brooks regarding the change in his physical condition and reason for his change of employment; (2) a supplemental records deposition of Armstrong and/or deposition of someone from Armstrong regarding the termination of Beau Brooks' employment; (3) a medical examination of Beau Brooks; (4) a supplemental records deposition and/or a deposition of Beau Brooks' treating sources regarding changes in his physical and/or mental condition; (5) a deposition of Beau Brooks current employer, Wester's Body Shop, that is limited to the reason or reasons for his hiring, accommodations related to his physical condition, and the terms of his employment and compensation; (6) a reevaluation of Beau Brooks by CGMA's vocational rehabilitation expert to assess whether and to what extent his current condition permits him to perform other occupations at other levels of compensation, and an evaluation of new information by CGMA's economic experts to determine whether and to what extent the new information suggest different and/or additional opinions regarding the Brooks' damage claims; (7) depositions of the Brooks' expert witnesses, Stan V. Smith, PhD and Leonard N. Matheson, PhD, CVE, CRC, limited to their supplemental opinions; and (8) a deposition of nurse practitioner Kristy Fleming concerning her treatment of Beau Brooks. Further, CGMA's expert

witnesses, Stan V. Smith, PhD and Leonard and. Matheson, PhD, CVE, CRC, will have an opportunity to prepare responses to the supplemental opinions issued by the Brooks' experts and render their own supplemental opinions regarding the impact of the change or changes in Beau Brooks' condition and employment. **The Brooks will be allowed to conduct**: (1) depositions of the CGMA's expert witnesses limited to their supplemental opinions; (2) the doctor, designated by CGMA, who conducts the medical examination of Beau Brooks; and (3) any fact witnesses with information relevant to changes in Beau Brooks' physical condition and/or the reason or reasons for his change of employment.

Clearly, the appropriate remedy is to continue the May 22, 2017 trial date and establish new scheduling order deadlines that will allow the parties adequate time to accomplish these tasks. The Court will conduct a telephonic scheduling conference for the purpose of establishing deadlines for completing the above identified discovery, supplementation of expert reports, and the filing of dispositive motions and motions related to the admissibility of expert testimony pursuant to Federal Rule of Evidence 702 (<u>Daubert</u> motions).

**IT IS HEREBY ORDERED** that CGMA's motions (DN 103, 108) are **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that CGMA's motion to strike (DN 108) is **DENIED**.

**IT IS FURTHER ORDERED** that CGMA's motions (DN 103, 108) to continue the trial date and to conduct a scheduling conference to select a new trial date and issue new scheduling order deadlines for the completion of fact and expert discovery is **GRANTED**.

**IT IS FURTHER ORDERED** that a telephonic scheduling conference shall be conducted on **April 28, 2017, commencing at 9:00 a.m., CDT.** The call will be initiated by the Court.

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

April 20, 2017

Copies: Counsel of Record