# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO. 4:14CV-00022-JHM

BEAU BROOKS and TINA BROOKS                                    PLAINTIFFS

V.

CATERPILLAR GLOBAL MINING AMERICA, LLC                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motions in limine by Plaintiffs, Beau Brooks and Tina Brooks, to strike and/or limit Dr. Michelle Palazzo's trial testimony in this matter [DN 156]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

This is a product-liability case against Defendant, Caterpillar Global Mining America, LLC ("CGM"), arising out of an accident that happened in May of 2013. Plaintiff, Beau Brooks, a Western Kentucky coal miner, sustained injuries to his left hand when his hand was crushed between a rib of coal and a Caterpillar RB220 Roof Bolter. Plaintiffs allege that the injury occurred because Brooks was holding onto the operator handle of the roof bolter that extended his hand beyond the roof and outside the protective operator compartment. Plaintiffs contend that the crush injuries would not have occurred if CGM's operator handle had not been located so close to the edge of the roof bolter's operator compartment that Brooks left hand was left unprotected. Brooks and his wife sued CGM.

This matter was set for trial on May 22, 2017. On February 2, 2017, Plaintiffs supplemented their response to their interrogatories disclosing that Beau Brooks resigned from his position as a coal miner in November 2016, and he began working at an automobile body

shop where he earns less money per hour.  On February 24, 2017, Plaintiffs supplemented their expert witness disclosures providing supplemental reports from their economist, Stan V. Smith, and rehabilitation expert, Leonard N. Matheson, to address Beau's recent changes in employment status.  Additionally, Plaintiffs identified Kristy Fleming, a treating nurse practitioner and Beau's current treating healthcare provider, as a Fed. R. Civ. P. 26(a)(2)(C) testifying expert witness.  Defendant moved to strike Kristy Fleming as an expert or, in the alternative, to continue the trial and allow supplemental discovery.  By Memorandum Opinion and Order dated April 20, 2017, the Magistrate Judge denied Defendant's motion to strike and granted the motion to continue the trial and allow supplemental discovery.

While permitting Defendant to supplement the discovery, the Magistrate Judge imposed significant limitations on the scope of the discovery that Defendant could take in order to prepare for trial.  The Magistrate Judge held that "[t]he scope of discovery should be limited to the change in Beau Brooks' physical condition, the reason or reasons for his change of employment, and the impact of these changes on the Brooks' damage claims." (Opinion at 7, DN 136).  In order to accomplish this discovery, the Magistrate Judge specifically held that Defendant would be allowed to conduct

> (1) a supplemental deposition of Beau Brooks regarding the change in his physical condition and reason for his change of employment; (2) a supplemental records deposition of Armstrong and/or deposition of someone from Armstrong regarding the termination of Beau Brooks' employment; (3) a medical examination of Beau Brooks; (4) a supplemental records deposition and/or a deposition of Beau Brooks' treating sources regarding changes in his physical and/or mental condition; (5) a deposition of Beau Brooks current employer, Wester's Body Shop, that is limited to the reason or reasons for his hiring, accommodations related to his physical condition, and the terms of his employment and compensation; (6) a reevaluation of Beau Brooks by CGMA's vocational rehabilitation expert to assess whether and to what extent his current condition permits him to

> perform other occupations at other levels of compensation, and an evaluation of new information by CGMA's economic experts to determine whether and to what extent the new information suggest different and/or additional opinions regarding the Brooks' damage claims; (7) depositions of the Brooks' expert witnesses, Stan V. Smith, PhD and Leonard N. Matheson, PhD, CVE, CRC, limited to their supplemental opinions; and (8) a deposition of nurse practitioner Kristy Fleming concerning her treatment of Beau Brooks. Further, CGMA's expert witnesses, Stan V. Smith, PhD and Leonard [N.] Matheson, PhD, CVE, CRC, will have an opportunity to prepare responses to the supplemental opinions issued by the Brooks' experts and render their own supplemental opinions regarding the impact of the change or changes in Beau Brooks' condition and employment. The Brooks will be allowed to conduct: (1) depositions of the CGMA's expert witnesses limited to their supplemental opinions; (2) the doctor, designated by CGMA, who conducts the medical examination of Beau Brooks; and (3) any fact witnesses with information relevant to changes in Beau Brooks' physical condition and/or the reason or reasons for his change of employment.

(Opinion at 7-8.)

Pursuant to the Magistrate Judge's Opinion and Order, Beau Brooks submitted to a medical examination with a defense retained medical doctor, Michelle Palazzo, in Louisville on July 27, 2017. Dr. Palazzo is a plastic surgeon who specializes in reconstructive hand surgery. In addition to her medical degree, Dr. Palazzo also has an undergraduate degree in engineering mechanics and a graduate degree in theoretical and applied mechanics. Defendant provided Dr. Palazzo's expert report to Plaintiffs on September 8, 2017. In addition to her opinions regarding the effect of Beau Brooks' hand injuries on damages, Dr. Palazzo plans to offer liability and causation opinions at the trial of the matter. Specifically, Dr. Palazzo indicates in her report as follows:

> The patient reports to me that his hand was on the handle and showed me a picture on his phone of a roof with the handle cut off. Pictures of the patient's hand at the date of injury were reviewed. Lacerations were visible across the dorsal and volar aspects of the fingers and palm. Based on my education, training, and experience

> with hand injuries, I am of the opinion that the injuries depicted in photos of the patient's hand on the day of the accident are inconsistent with the patient's report that his hand was around the round, solid bar on the underside of the vehicle's roof. To better understand the injury, I requested additional information about the vehicle at issue and was able to review engineering drawings of the handle as well as a model of the handle and the roof. The injuries depicted in the photos are consistent with the kind of crushing, weeping injuries that would be caused by contact with a straight edge like the edge of the vehicle's roof as opposed to the kind of injury I would expect had the patient been holding into [sic] the roof handle as he told me he was when the injury occurred.

(Michelle D. Palazzo Report at 2.)

On September 22, 2017, the Plaintiffs filed this current motion in limine seeking to strike and/or limit Dr. Palazzo's trial testimony. Plaintiffs object to Defendant's attempt to add a liability and causation expert two years after liability experts should have been disclosed. Plaintiffs argue discovery in this case was limited to evaluating the change in Beau Brooks' physical condition, the reason or reasons for his change of employment, and the impact of these changes on the Plaintiffs' damage claims. The trial is currently set to begin on December 4, 2017.

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Any party to the litigation who plans to utilize an expert witness "must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). And "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, the Defendant bears the burden of proving the delay in disclosing an

expert was harmless. Estate of Lanham v. Springfield Nursing & Rehab. Ctr., 2017 WL 4012965, at *2 (W.D. Ky. Sept. 12, 2017)(citing Roberts ex rel. Johnson v. Galen of Virginia, Inc., 325 F.3d 776, 782 (6th Cir. 2003)).  Harmlessness denotes "'an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party.'" Estate of Lanham, 2017 WL 4012965, at *2 (quoting Roberts, 325 F.3d at 783). "District courts have broad discretion to exclude untimely disclosed expert-witness testimony."  Pride v. BIC Corp., 218 F.3d 566, 578 (6th Cir. 2000).

### III. DISCUSSION

Defendant argues that Dr. Palazzo should be permitted to reveal and explain to the jury her opinions that the nature of Beau's injury is inconsistent with his version of how the injury happened.  Defendant maintains that it was not required to disclose a biomechanical expert witness because the Plaintiffs never did so.  Further, Defendant maintains that the opinion of Dr. Palazzo is harmless because her opinions are consistent with what Plaintiffs knew Defendant's position had been all along.  The Court disagrees.

Defendant has not satisfied its burden of proving that its failure to disclose Dr. Palazzo as a causation and liability expert was substantially justified or harmless.  The proposed expert testimony from Dr. Palazzo regarding causation and liability is entirely inappropriate in this case given the limited scope of discovery outlined by the Magistrate Judge in April of 2017.  The permitted scope of the discovery, including the medical examination performed by Dr. Palazzo, was limited to evaluating the change of Beau's physical condition, the reason for his change of employment, and the impact of these changes on Beau's damage claim. Dr. Palazzo's biomechanical analysis of the accident exceeded the scope and purpose of the limited discovery permitted by the Magistrate Judge.  Her opinion as to the cause of the original injury does not

address the issues Dr. Palazzo was authorized to explore: Beau's physical condition at the time of the evaluation. Further, given the opinions expressed by defense witnesses Graham Wand and James Bell and Defendant's representations that they have always challenged Plaintiff's version of the accident, an expert's opinion regarding the cause of the accident could have been obtained by the Defendant over two years ago. Accordingly, the Court finds that Dr. Palazzo's expert opinions regarding causation and liability related to the accident constitute untimely expert disclosures pursuant to Fed. R. Civ. P. 37, and those opinions are excluded. See also King v. Allstate Insurance Company, 2013 WL 4461584, * (D. Colo. Aug. 19, 2013).

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motions in limine by Plaintiffs, Beau Brooks and Tina Brooks, to strike and/or limit Dr. Michelle Palazzo's trial testimony in this matter [DN 156] is **GRANTED IN PART AND DENIED IN PART** consistent with this Opinion. Dr. Palazzo is precluded from offering the liability and/or causation opinions set forth in her expert report.

cc: counsel of record