# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO. 4:14CV-00022-JHM

BEAU BROOKS and TINA BROOKS                                          PLAINTIFFS

V.

CATERPILLAR GLOBAL MINING AMERICA, LLC                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Caterpillar Global Mining America, LLC, to preclude evidence of and/or reference to treatment and billings for psychological conditions [DN 144] and on a motion by Plaintiffs, Beau Brooks and Tina Brooks, to preclude irrelevant and prejudicial evidence related to Plaintiff's feelings and opinions regarding defense counsel [DN 162]. Fully briefed, these matters are ripe for decision.

## I. BACKGROUND

This is a product-liability case against Defendant, Caterpillar Global Mining America, LLC ("CGM"), arising out of an accident that happened in May of 2013. Plaintiff, Beau Brooks, a Western Kentucky coal miner, sustained injuries to his left hand when his hand was crushed between a rib of coal and a Caterpillar RB220 Roof Bolter. Plaintiffs allege that the injury occurred because Brooks was holding onto the operator handle of the roof bolter that extended his hand beyond the roof and outside the protective operator compartment. Plaintiffs contend that the crush injuries would not have occurred if CGM's operator handle had not been located so close to the edge of the roof bolter's operator compartment that Brooks left hand was left unprotected.

## II. DISCUSSION

### A. Defendant's Motion to Exclude Evidence of/Reference to Treatment and Billings for Psychological Conditions [DN 144]

*1. Previous Motion in Limine*

In a previous motion in limine [DN 118], Plaintiffs moved to preclude the testimony of psychiatrist Dr. David Shraberg at trial. Dr. Shraberg testified that he evaluated Brooks on August 31, 2015, to determine if Beau had any permanent psychiatric impairments related to the injury he had sustained two years earlier. Dr. Shraberg determined that Brooks did not suffer "permanent psychiatric impairments from the accident." (Shraberg January 24, 2017, Dep. at 18.) In the motion in limine and in an affidavit attached to it, Plaintiff Beau Brooks represented that he was "not claiming any specific psychological impairments from" his accident and was "not seeking compensation for any specific medically diagnosed psychological problems from" his accident. (DN 118-3.)

Defendant objected to the exclusion of the testimony of Dr. Shraberg. The Court agreed with the Defendant that it was somewhat puzzling for Plaintiffs to assert that Brooks is not claiming any "specific diagnosable psychological injury" and at the same time include, among their witnesses and exhibits, providers who have diagnosed him with "specific diagnosable psychological injury" and have prescribed drugs specifically for the treatment of those psychological conditions. Ultimately, the Court held that "[i]n cases in which a plaintiff asserts present and future mental pain and suffering, expert testimony regarding his current and future psychological or mental condition is relevant." (DN 142 at 14.) The Court agreed with the Defendant that "Dr. Shraberg's testimony is relevant because it addresses and rebuts the Chaney/Fleming [Beau's treating medical providers] evidence that suggests a causal link between plaintiff's injury and the psychological conditions that they diagnosed and for which

they prescribed him medication." (Id.)

### 2. *Current Motion in Limine*

Defendant now moves to preclude the evidence and/or reference to treatment and billings for psychological conditions. Specifically, Defendant points to numerous references to Beau's diagnosis of and treatment of psychological impairments or specific psychological injuries, including: the records and portions of the anticipated testimony of Dr. Brian Chaney[1], the records and portions of the anticipated testimony of nurse practitioner, Kristy Fleming, prescriptions for and pharmacy records of drugs used to treat "psychological impairments or specific psychological injuries," and medical expenses attributable to the treatment of "psychological impairments or specific psychological injuries."

In support of its motion, Defendant cites to the affidavit of Beau in his previous motion in limine in which he affirmatively states that he is not seeking compensation for any specific medically diagnosed psychological problems. Additionally, Defendant cites a recently filed response by Plaintiff to Defendant's request for admissions in which Plaintiff admits that "as a result of the accident, Beau Brooks has not sustained or experienced any psychological impairments or specific psychological injuries for which he contends CGM is liable." (Ex. 1, Motion in Limine, DN 144.) Defendant maintains that if Plaintiff is not claiming that the subject accident caused these mental conditions, then any evidence that Beau has been diagnosed and treated for such conditions is irrelevant to this case.

Plaintiffs object in part to the motion in limine. Plaintiffs represent that they do not plan

---

[1] Dr. Brian Cheney suggests that Beau Brooks suffers from an acute, moderate generalized anxiety disorder to which the Plaintiffs' vocational expert Leonard Matheson references in his deposition. (Matheson Dep. at 98.) Dr. Cheney noted in his records that he would start him on Cymbalta. Similarly, Nurse Practitioner Kristy Fleming indicated in her records that Beau Brooks experiences issues from mood affective disorder. Fleming prescribed Wellbutrin to treat the mood affective disorder. Plaintiffs have listed both Dr. Brian Chaney and nurse practitioner Kristy Fleming as witnesses and have listed the medical and billing records as exhibits.

3

to present claims for specific psychological impairments, such as mood disorder or excessive anger. Plaintiffs indicate that Beau's anger and mood disorder problems pre-exist the mine injuries. However, Plaintiffs object to this motion to the extent it would prevent Beau from presenting medical expenses related to treatment or medication for the mental pain and suffering related to his left hand injuries. For example, Plaintiffs indicate that Beau should be able to present bills related to Cymbalta. According to Plaintiffs, Dr. Chaney's medical records indicate that Cymbalta "will help with the neuropathic pain in his hand along with treating the anxiety symptoms." Because Dr. Chaney prescribed Cymbalta for both pain and anxiety, Plaintiffs contend the medical records and bills relating to the prescription of the Cymbalta are relevant to the case. Additionally, Plaintiffs argue that the January 2014 visit with Dr. Chaney is only seven or eight months after the injury and the "generalized anxiety" including high blood pressure and coping issues are part of the pain and suffering one would expect after losing a finger and having multiple crush injuries to one's hand.

Plaintiffs also indicate that nurse practitioner Fleming currently prescribes Beau Gabapentin and Neurontin for his neuropathic hand pain for which Beau will seek recovery. (Ex. A., DN 184, Fleming 7/17 records.) Beau will not seek recovery for Zoloft and Prozac prescribed for mood disorder. Beau represents that he is prescribed Xanex by Fleming both to help him sleep and for his excessive anger issues. To the extent the Xanex helps Beau cope with sleeping through his hand pain, Plaintiffs contend that it is relevant to his injuries. Plaintiffs argue that records which may include ancillary treatment, whether for common colds or psychological ailments that are not unduly prejudicial, can be remedied on cross-examination by Defendant.

After consideration of the record and the argument of the parties, the Court **denies**

4

Defendant's motion in limine. In the Court's view, the most prudent way to address Beau's pre-existing conditions is to present them to the jury and acknowledge that Beau is not seeking recovery for those conditions. The fact that Beau suffered from mood disorder and anger issues prior to his injury can be properly addressed with the medical experts. Likewise, the medical records and prescriptions from Dr. Brian Chaney or Kristy Fleming regarding treatment of Beau for these pre-existing conditions can be addressed on direct and cross-examination of these experts. Finally, with respect to the medication prescribed by Chaney and Fleming for dual treatment purposes, counsel should present the information to the jury for a determination of whether those medical expenses are related to injuries sustained by the Plaintiff in this case.

**B. Plaintiffs' Motion to Preclude Evidence Related to Beau's Feelings and Opinions Regarding Defense Counsel [DN 162]**

Nurse Practitioner Kristy Fleming serves as Beau's treating medical provider. The record reflects that he presented with nerve pain and dysfunction with his fingers related to his accident. Fleming prescribed Gabepentin for Beau's nerve pain. The record further reflects that Fleming assessed Beau's right shoulder pain and concluded that it was secondary from overuse of his right extremity to compensate for his left hand deficits. (Fleming Dep. at 76-78.) In addition to treatment for his hand issues, Fleming treats Beau for mood disorder and anger management which Plaintiff represents pre-existed the injuries he sustained in the accident. (Id. at 48, 68.) Plaintiffs further represent that Beau is not seeking compensation for the medications prescribed solely for his anger and mood disorder, and he will not elicit information from either Dr. Brian Chaney or Kristy Fleming on direct examination with regards to Beau's anger or mood disorders.

Plaintiffs represent that Defendant is seeking to present evidence of Beau's feelings, opinions, and anger relating to defense counsel. At Fleming's deposition, defense counsel engaged in the following exchange with Fleming:

5

> Q: Okay. And pretty much, I think in almost every visit had a normal mood and affect, and his behavior was normal in all visits.
> A. If the medication is correct, yes.
> Q. Except when he was thinking about killing the lawyers, or we'll get to that.

(Fleming Dep. 83-84.) Fleming explained in her deposition that shortly after a deposition or interaction with opposing counsel, Beau expressed anger and feelings of not understanding why the lawsuit was being "drug out." Beau believed that opposing counsel was dragging the case out on purpose. Due to the prescription drugs Beau takes for depression, Fleming testified that she was required to ask Beau whether or not he was harboring any homicidal or suicidal thoughts in relation to his feelings. She indicated that she believed he was not, and she then noted that belief in her nursing assessment. (Fleming Dep. 100-102; Nursing Assessment April 20, 2017, Exhibit C to DN 162.) Specifically, she stated that he "[r]eports no thoughts of wanting to kill anyone, including his opposing counsel in his upcoming lawsuit." (Id.)

Plaintiffs argue that since Beau is not claiming any psychological impairments and will not attempt to be compensated for his anger and mood issues, all of the evidence regarding his anger, including Beau's extreme anger towards opposing counsel, is irrelevant. Furthermore, Plaintiffs maintain that even if it were somehow relevant, the danger of unfair prejudice outweighs any potential relevance under Fed. R. Evid. 403.

In its pretrial memorandum, Defendant stated that it did not object to this motion. However, at the pretrial conference, Defendant indicated that if the Court were to deny its motion to exclude all treatment and billings for Beau's psychological impairments, Defendant wanted to be able to introduce evidence of Beau's anger toward defense counsel.

The Court **grants** the motion in limine. Evidence that Beau has become extremely angry at opposing counsel and/or whether or not he ever entertained any homicidal thoughts regarding

opposing counsel is not at all probative of the issues in the present case. However, even if this evidence has some probative value, it is substantially outweighed by the danger of unfair prejudice to the Plaintiff. Accordingly, any questions related to this issue are excluded, and any medical records that reference this information should be redacted by counsel before presentation to the jury or admission into evidence.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Caterpillar Global Mining America, LLC, to preclude evidence of and/or reference to treatment and billings for psychological conditions [DN 144] is **DENIED** consistent with this Opinion.

**IT IS FURTHER ORDERED** that the motion by Plaintiffs, Beau Brooks and Tina Brooks, to preclude irrelevant and prejudicial evidence related to Plaintiff's feelings and opinions regarding defense counsel [DN 162] is **GRANTED**.

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States District Court

November 22, 2017