UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:14CV-00022-JHM

BEAU BROOKS and TINA BROOKS                                          PLAINTIFFS

V.

CATERPILLAR GLOBAL MINING AMERICA, LLC                               DEFENDANT

## ORDER

This matter is before the Court on a motion by Plaintiffs, Beau Brooks and Tina Brooks, for leave to take the trial deposition of Allen Holmes [DN 200].

## BACKGROUND

Allen Holmes, a physical therapist and certified hand therapist, treated Beau Brooks from July of 2013 to August of 2013. Since treating Beau, Holmes moved from Madisonville, Kentucky, to Chattanooga, Tennessee, in the Fall of 2015. Plaintiffs represent that after counsel met with Allen Holmes in the Spring of 2017, he agreed to testify live at trial if Plaintiffs needed him. Counsel contacted Holmes in September of 2017 to discuss his trial testimony, he "seemed to vacillate" on testifying live at trial, but "inferred he would testify in December." (Moorman Aff. at ¶ 4.) Holmes failed to communicate with counsel from October 15 to November 17, 2017. On November 17, 2017, Plaintiffs' counsel received an email from Holmes indicating that due to personal matters and medical issues, he would not be able to testify live at the trial in December. Holmes agreed to make himself available for a deposition in Chattanooga.

## DISCUSSION

Due to these events, Plaintiffs now move for leave to take the trial deposition of Allen Holmes. Plaintiffs maintain that Holmes' testimony is critical. He is the only hand therapist to

work with Beau to rehabilitate him. In fact, Holmes and his group, Liberty Rehabilitation, are the only persons to provide Beau with physical therapy. Plaintiffs argue that a key component of the defense is the contention that Beau did not leave his employment with Armstrong Coal because of his left hand. According to Plaintiffs, Caterpillar questions Beau's work ethic and his desire to continue coal mining. Plaintiffs contend that Holmes' records document not only the severity of his hand injury, but also Beau's determination to rehabilitate and return to working in the coal mines. Plaintiffs represent that Holmes will testify that Beau is one of the most motivated patients he has ever treated. Defendant proposes the parties take Holmes' deposition via video conference.

  Defendant objects. Defendant argues that Plaintiffs' suggestion that Holmes' testimony is critical and somehow relevant to Beau's reasons for leaving his employment at Armstrong Coal in October of 2016 is puzzling given that Holmes had not seen Beau in over three years and has no personal knowledge of Beau's circumstances at that time. Defendant maintains that even if Holmes were to testify that Brooks was one of the most motivated patients he ever treated, that testimony would have nothing to do with Beau's decision to quit his coal mining job because Fed. R. Evid. 404(a)(1) expressly provides that "[e]vidence of a person's character or character traits is not admissible to prove that on a particular occasion, the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Defendant notes that Holmes' certified records document statements by Plaintiff and Holmes that Beau was very motivated in the summer of 2013. Given that Holmes' records are available for introduction, Defendant argues that Plaintiffs shouldn't be given leave, less than two weeks prior to trial, to take his deposition. Defendant represents that it anticipates a number of questions regarding Holmes' testimony will arise at a deposition. Defendant also argues that it would object to any attempt on the part of Plaintiffs to

elicit opinion testimony from Holmes that is not recorded in the certified records. Finally, Defendant argues that Plaintiffs' motion demonstrates no justification for why Plaintiffs could not have noticed and taken Holmes deposition much earlier than now given that Holmes moved out of the subpoena power of the Court in the Fall of 2015.

After consideration of the parties' arguments, the Court denies Plaintiffs' motion for leave to take the video deposition of Allen Holmes. In allowing or disallowing a deposition to be taken for use at trial, the Court should "consider all the circumstances, including fairness to the adverse party and the amount of time remaining before the date set for trial." Rhodes v. Lazy Flamingo 2, Inc., 2016 WL 4992418, at *3 (M.D. Fla. Sept. 19, 2016)(quoting Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1362 (11th Cir. 2002)). Plaintiffs were aware that Holmes moved out of the subpoena power of the Court in the Fall of 2015. Further, the record reveals that in September 2017 Holmes began "to vacillate" about voluntarily attending the trial and that Holmes discontinued communication with Plaintiffs' counsel in October 2017. Clearly, Plaintiffs could have taken steps to secure Holmes' testimony earlier than two weeks prior to trial. The trial of this matter is now one week away, and Defendant would be prejudiced by having to disrupt its trial preparation to prepare for and take Holmes' deposition for the purpose of presentation at trial.

## CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** that the motion by Plaintiffs, Beau Brooks and Tina Brooks, for leave to take the trial deposition of Allen Holmes [DN 200] is **DENIED**.

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States District Court

November 27, 2017