FILED
VANESSA L. ARMSTRONG, CLERK

DEC 13 2017

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:14CV-00022-JHM

BEAU BROOKS and TINA BROOKS                          PLAINTIFFS

V.

CATERPILLAR GLOBAL MINING AMERICA, LLC               DEFENDANT

JURY INSTRUCTIONS

************************************

These instructions will be in three parts: first, general rules that define and control your

duties as jurors; second, the rules of law that you must apply in deciding whether the Plaintiffs

have proven their case; and third, some rules for your deliberations. A copy of these instructions

will be available for you in the jury room.

## I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law

to those facts. You must follow the law I give to you whether you agree with it or not. And you

must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That

means that you must decide the case solely on the evidence before you and according to the law,

as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and

ignore others; they are all equally important. And you must not read into these instructions, or

into anything I may have said or done, any suggestion as to what verdict you should return -- that

is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments.

However, if any differences appear to you between the law as stated by the lawyers and what I

1

state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The Plaintiffs have the burden of proving their case by what is called a preponderance of the evidence. That means that the Plaintiffs have to produce evidence that, considered in light of all the facts, leads you to believe that what the Plaintiffs claim is more likely true than not. If the Plaintiffs fail to meet this burden, the verdict must be for the Defendant.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, here in Court or by deposition, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

The following things are not evidence and you may not consider them in deciding what the facts are:

1) Arguments and statements by lawyers are not evidence;

2) Questions and objections by lawyers are not evidence;

3) Testimony I have instructed you to disregard is not evidence; and

4) Anything you may have seen or heard when the Court was not in session is not evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are

entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

All of these are matters for you to consider in deciding the facts.

## OPINION EVIDENCE

You have heard testimony from persons who have testified as an opinion witness. You do not have to accept the opinions. In deciding how much weight to give to it, you should consider the witness's qualifications and how the witness reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

In this trial, these witnesses were, at times, asked hypothetical questions and they gave answers to such questions. In answering a hypothetical question, an opinion witness must accept as true every asserted fact stated therein, but this does not mean that you must. If you find that assumed facts are not proven, you should disregard the answer based on the hypothetical question.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## LIABILITY OF CORPORATIONS

The Defendant, Caterpillar Global Mining America, LLC, is a corporation. The fact that it is a corporation should not affect your decision. All persons are equal before the law, and a corporation, whether large or small, is entitled to the same fair and conscientious consideration by you as any other person.



## II. RULES OF LAW

## INSTRUCTION NO. 1

Plaintiffs claim that the design of the RB220 roof bolter manufactured and sold by the Defendant Caterpillar Global Mining made it defective and unreasonably dangerous.

A manufacturer is not required to design the best possible product, or products as good as other manufacturers' make, so long as the product is reasonably safe. What the manufacturer is required to do is to make a product that is free from defective and unreasonably dangerous conditions. The manufacturer is not an insurer that nobody will get hurt in using the product, and a product is not defective and unreasonably dangerous merely because it is possible to be injured while using it. A manufacturer is responsible for the design of a product if the design makes the product defective and unreasonable dangerous even though another company originally designed the product.

A product is defective and unreasonably dangerous if it creates such a risk of injury to a prospective user that an ordinarily reasonable prudent company engaged in the design and manufacture of a similar product, being fully aware of the risk, would not have put the product on the market.

You will find for Plaintiff, Beau Brooks, if you are satisfied by a preponderance of the evidence as follows:

(1) That the RB220 roof bolter was defective and unreasonably dangerous as that term is defined above;

(2) That the defective and unreasonably dangerous condition existed at the time the subject RB220 roof bolter was sold by Defendant; and

(3) That the defective and unreasonably dangerous condition of the RB220 roof bolter was a substantial factor in causing the injuries to Plaintiff, Beau Brooks.

Otherwise, you will find for Defendant on this claim.

# INSTRUCTION NO. 2

It was the duty of Plaintiff, Beau Brooks, in operating the RB220 roof bolter to exercise ordinary care for his own safety.

It was the duty of Plaintiff's employer, Armstrong Coal Company, to exercise ordinary care for the safety of its employees, including Beau Brooks.

"Ordinary care" as used this instruction means such care as the jury would expect an ordinarily prudent person and an ordinarily prudent coal mining company to exercise under similar circumstances.

If you find for the Plaintiff under Instruction No. 1, but are also satisfied from the evidence that either Beau Brooks or Armstrong Coal, or both, failed to comply with their duty and that such failure was a substantial factor in causing his injury, you will determine from the evidence and indicate in the verdict form what percentage of total fault for the accident was attributable to each party.

In determining the percentages of fault, you shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between that conduct and the damages claimed.



# INSTRUCTION NO. 3

If you find for the Plaintiff, Beau Brooks, under Instructions No. 1, then you will determine from the evidence and award Plaintiff, Beau Brooks, a sum of money that will fairly and reasonably compensate him for the following damages that you believe by a preponderance of the evidence that he sustained, or will sustain, directly by reason of his injuries:

1) Past medical expenses (not to exceed $59,864.71, the amount claimed by Plaintiff)

2) Future medical expenses (not to exceed $67,300, the amount claimed by Plaintiff)

3) Past lost wages (not to exceed $114,205, the amount claimed by Plaintiff)

4) Impairment of his power to labor and earn money (not to exceed $3,043.393, the amount claimed by Plaintiff)

5) Loss of household services (not to exceed $627,690, the amount claimed by Plaintiff)

6) Past, present, and future mental and physical pain and suffering (not to exceed $500,000, the amount claimed by Plaintiff).

The fact that I instruct you on damages should not be taken by you as indicating one way or the other whether Plaintiff is entitled to recover damages. This is entirely for you to decide. Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guess work.

You must determine the amount of damages without regard to percentages of fault you may attribute to any party.

You should not reduce the amount of compensation to which you may believe Plaintiff is otherwise entitled to on account of benefits which the Plaintiff may have received from some other source.



# INSTRUCTION NO. 4

If you found for the Plaintiff, Beau Brooks, under Instruction No. 1, then you may award Plaintiff, Tina Brooks, an amount of money that will fairly and reasonably compensate her for whatever assistance, aid, society, companionship, and conjugal relationship of her husband you believe from the evidence she has sustained or is reasonably certain to sustain in the future as a direct result of his injuries, if any.

Any amount awarded Plaintiff, Tina Brooks, under this instruction shall not include recovery for any loss of household services you may have awarded Beau Brooks.

Again, the fact that I instruct you on damages should not be taken by you as indicating one way or the other whether the Plaintiff is entitled to recover damages. This is entirely for you to decide.



## III. JURY DELIBERATIONS

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court.

## REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I would like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

I have prepared a Verdict Form for your use in making your verdict. After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Remember that you are not to tell



anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.



# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION

CIVIL ACTION NO. 4:14CV-00022-JHM

BEAU BROOKS and TINA BROOKS                                    PLAINTIFFS

V.

CATERPILLAR GLOBAL MINING AMERICA, LLC                         DEFENDANT

## INTERROGATORIES AND VERDICT FORM
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### INTERROGATORY NO. 1

Do you find by a preponderance of the evidence that the RB220 roof bolter was defective and unreasonably dangerous as that term is defined under Instruction No. 1; that the defective and unreasonably dangerous condition existed at the time the subject RB220 roof bolter was sold by Defendant; **and** that the defective and unreasonably dangerous condition of the RB220 roof bolter was a substantial factor in causing the injuries to Plaintiff, Beau Brooks?


YES \_\_\_\_                                          NO  \_\_\_\_



_____
**FOREPERSON**


_____
**DATE**

**If you answered "YES" to Interrogatory No. 1, proceed to Interrogatory No. 2. If you answered "NO" to Interrogatory No. 1, proceed no further and notify the Marshal you have reached a verdict.**



## INTERROGATORY NO. 2

Do you believe from the evidence that Plaintiff, Beau Brooks, failed to comply with his duty as defined in Instruction No. 2 **and** that such failure was a substantial factor in causing the injuries to Beau Brooks?

YES _____          NO _____

_____
**FOREPERSON**

_____
**DATE**

**Proceed to the next Interrogatory.**



# INTERROGATORY NO. 3

Do you believe from the evidence that Armstrong Coal failed to comply with its duty as defined in Instruction No. 2 **and** that such failure was a substantial factor in causing the injuries to Beau Brooks?

YES _____          NO _____


_____
**FOREPERSON**


_____
**DATE**


     **If you answered "YES" to Interrogatory No. 2 <u>or</u> Interrogatory No. 3, proceed to Interrogatory No. 4.**
     **If you answered "NO" to Interrogatory No. 2 <u>and</u> Interrogatory No. 3, proceed to Interrogatory No. 5.**



# INTERROGATORY NO. 4

Having found Defendant, Caterpillar Global Mining America, and either Plaintiff, Beau Brooks, or Armstrong Coal Company, or both, also at fault in causing the injuries, you must now determine from the evidence and indicate in the following blank spaces what percentage of the total fault was attributable to each of the parties. In determining the percentage of fault, you shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between that conduct and the damages claimed. You must also insure that the percentages of fault calculated total 100%. If you answered "No" to either Interrogatory No. 2 or Interrogatory No. 3, you will place a zero in the line for that person or company.

Caterpillar Global Mining America, LLC       _____%

Beau Brooks       _____%

Armstrong Coal Company       _____%

Total:    100%

_____

**FOREPERSON**

_____

**DATE**

**Proceed to the next Interrogatory.**

# INTERROGATORY NO. 5

Without regard to fault, please determine from the evidence and award the Plaintiff, Beau Brooks, such sums of money which will fairly and reasonably compensate him for such of the following damages as you believe from the evidence he sustained as direct result of the injury, if any.

1. Past medical expenses
   (not to exceed $59,864.71, the amount claimed by Plaintiff)  $_____

2. Future medical expenses
   (not to exceed $67,300, the amount claimed by Plaintiff)  $_____

3. Past lost wages
   (not to exceed $114,205, the amount claimed by Plaintiff)  $_____

4. Impairment of his power to labor and earn money
   (not to exceed $3,043,393, the amount claimed by Plaintiff)  $_____

5. Loss of household services
   (not to exceed $627,690, the amount claimed by Plaintiff)  $_____

6. Past, present, and future mental and physical pain
   and suffering (not to exceed $500,000, the amount
   claimed by Plaintiff)  $_____

    **TOTAL**  $_____


_____
**FOREPERSON**


_____
**DATE**


**Proceed to the next Interrogatory.**



# INTERROGATORY NO. 6

If you found for Plaintiff, Beau Brooks, then you may award Plaintiff, Tina Brooks, an amount of money that will fairly and reasonably compensate her for whatever assistance, aid, society, companionship, and conjugal relationship of her husband you believe from the evidence she has sustained or is reasonably certain to sustain in the future as a direct result of his injuries, if any. Any amount awarded Plaintiff, Tina Brooks, under this instruction shall not include recovery for any loss of household services you may have awarded Beau Brooks.

We, the jury, award Plaintiff, Tina Brooks, the sum of $_____ (not to exceed $100,000, the amount claimed by Plaintiff).

_____
**FOREPERSON**

_____
**DATE**

**Proceed no further and notify the Marshal that you have reached a verdict.**